**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANGELO MORA,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:09-cv-637-Orl-31KRS**

**AMERICAN EQUITY MORTGAGE, INC.,**

        **Defendant.**
_____

## ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, American Equity Mortgage, Inc. ("Defendant"), Motion to Compel Arbitration and Dismiss (the "Motion") (Doc. 4-2), Plaintiff's, Angelo Mora ("Plaintiff"), response in opposition thereto (the "Response") (Doc. 16), and Defendant's reply to Plaintiff's Response (the "Reply") (Doc. 18).

**I. Background**

On March 9, 2009, Plaintiff filed a two-count Complaint in state court alleging that Defendant discriminated against him based on his race in violation of Florida's Civil Rights Act[1] (Count I) and Title VII of the Civil Rights Act[2] (Count II) (Doc. 2). Defendant timely removed this action to federal court (Doc. 1) and has since moved to compel arbitration (Doc. 4-2) pursuant to the parties' arbitration agreement (Doc. 4-2 at 9).

---

[1] *See* FLA. STAT. § 760.01 *et seq.*

[2] *See* 42 U.S.C. § 2000e *et seq.*

In pertinent part, the parties' arbitration agreement states:

> Employer and Employee mutually agree that binding arbitration is the required, and exclusive, forum for the resolution of all employment disputes that may arise both before and after the Employee's employment with Employer. Employer and Employee mutually agree to submit all employment-related disputes to binding arbitration, including all claims, demands, or actions under Title VI [sic] of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, all as amended, and any federal state, or local statute, regulation, or common law doctrine regarding employment . . .
>
> An arbitration under this Arbitration Agreement will be conducted in accordance with the employment dispute arbitration rules of the American Arbitration Association. The arbitration will be conducted in the city and state of the Employer's principal place of business, unless Employer and Employee mutually agree to a different location . . .

(Doc. 4-2 at 9).

In its Motion, Defendant contends that Plaintiff's claims must be decided by arbitration pursuant to the foregoing arbitration agreement (Doc. 4-2 at 3). Plaintiff does not contest the validity of the arbitration agreement or that the claims in his Complaint may be subject to arbitration (Doc. 16 at 5).[3] Instead, Plaintiff contends that the costs of arbitration would effectively bar him from vindicating his statutory rights in the arbitral forum (Doc. 16 at 5).

The Court addresses these arguments, *infra*. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Standard of Review

Federal courts must be "mindful of the FAA's purpose 'to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as

---

[3] As Plaintiff himself concedes, statutory-based employment discrimination claims are clearly subject to arbitration. *See*, *e.g.*, *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 122 (2001)

-2-

other contracts." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92 (2000) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)). Accordingly, the U.S. Supreme Court has held that a party seeking to avoid enforcement of an arbitration agreement based on costs bears the burden of showing the likelihood of prohibitive costs. *Id*. at 92. A mere showing of the possibility of prohibitive arbitration costs is not enough. *Musnick v. King Motor Co. of Ft. Lauderdale*, 325 F.3d 1255, 1258 (11th Cir. 2003); *Bess v. Check*, 294 F.3d 1298, 1303 (11th Cir. 2002). At a minimum, the party seeking to avoid arbitration must offer "evidence of the amount of fees he is likely to incur, as well as [evidence] of his inability to pay those fees." *Musnick*, 325 F.3d at 1260.

## III. Analysis

While Plaintiff concedes that the arbitration agreement is silent with respect to the allocation of fees and costs between the parties (Doc. 16 at 6), he contends that a three-day arbitration of his claims would cost approximately $6,250.00 (Doc. 16 at 8). The bulk of this figure appears to be a $2,750.00 filing fee and a $1,250.00 case servicing fee as evidenced by the Employment Arbitration Rules of the American Arbitration Association ("AAA"). In addition to these initial fees and the arbitrator's hourly fees, Plaintiff argues that he will incur significant travel costs inasmuch as the parties' agreement requires that the arbitration be conducted in the city and state of his employer's principal place of business, St. Louis, Missouri (Doc. 16 at 7).

In its Reply, Defendant responds by noting, *inter alia*, that there are two sets of AAA rules which govern fees and costs: those associated with individually-negotiated employment contracts and those associated with employer-promulgated plans. Pursuant to Rule 48 of the AAA's Employment Arbitration Rules and Mediation Procedures, "the AAA shall make an administrative

determination as to whether the dispute arises from an employer-promulgated plan or an individually-negotiated employment agreement or contract" (Doc. 18 at 3 and 18-2 at 13).[4] According to Defendant, the fees and costs associated with arbitrating an employer-promulgated plan, which Defendant contends is at issue in this case, are markedly less than those associated with an individually-negotiated employment contract. Accordingly, Plaintiff's estimates of the filing fee and case service fee are grossly overestimated. Defendant further notes that the AAA rules permit the AAA to "defer or reduce the administrative fees" in the "event of extreme hardship on any party" (Doc. 18 at 3, citing *Kotch v. Clear Channel Broadcasting Co.*, Case No. 03-61951, 2004 WL 483502, at *1-2 (S.D. Fla. March 8, 2004)). Finally, Defendant contends that Plaintiff has failed to offer specific evidence regarding his inability to pay (Doc. 18 at 5).

Upon review, Plaintiff has failed to carry his burden of demonstrating the likelihood of prohibitive arbitration costs. Although Plaintiff introduces some evidence regarding the amount of fees he is likely to incur as a result of having his claims arbitrated (16-2 at 1–30), those estimates are speculative and fail to account for the differing set of AAA rules which may govern the fees and costs in Plaintiff's case. In any event, the only evidence concerning Plaintiff's inability to pay is Plaintiff's present employment status, hourly rate of compensation, and total net worth (Doc. 16-2 a 30–31). There is no evidence of Plaintiff's other possible sources of income, assets, total cash on hand in bank or investment accounts, monies received within the last twelve (12) months, or the amounts of Plaintiff's monthly obligations (e.g., mortgage, rental or automobile loan payments, credit card payments, etc.). Given Plaintiff's lack of evidence, the Court is not able to reasonably

---

[4]The initial determination of the AAA is subject to final review by the arbitrator if either party objects to the AAA's initial determination (Doc. 18-2 at 13).

determine the costs associated with arbitration or Plaintiff's inability to pay those costs. Accordingly, Defendant's Motion to Compel Arbitration will be granted and the parties will be ordered to proceed to arbitration.

**IV. Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. Defendant American Equity Mortgage, Inc.'s Motion to Compel Arbitration and Dismiss (Doc. 4) is **GRANTED** in part and **DENIED** in part.

2. The parties are hereby **ORDERED** to proceed to arbitration pursuant to the terms of the parties' arbitration agreement.

3. To the extent Defendant American Equity Mortgage, Inc. moves this Court to dismiss Plaintiff's Complaint, that portion of Defendant's Motion (Doc. 4) is **DENIED** without prejudice.

4. This action shall be **STAYED** pending completion of the arbitration proceedings.

5. The Clerk of the Court is directed to administratively close this case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 9, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE